# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:17-CR-126- |
| § | SDJ-CAN |
| CHARLESTON DELEON JACKSON (1) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Charleston DeLeon Jackson's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on June 6, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Sean Taylor.

Defendant was sentenced on March 5, 2019, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Defendant was subsequently sentenced to 37 months imprisonment, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include obtain a high school equivalency certificate; alcohol abstinence; financial disclosure; mental health treatment; and drug abuse treatment. On June 25, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

On January 5, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 49, Sealed]. The Petition asserts that Defendant

violated five (5) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) You must not unlawfully possess a controlled substance; (3) You must refrain from any unlawful use of a controlled substance; (4) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; and (5) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 49 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On December 31, 2021, Defendant was arrested for committing the offense Possession of a Controlled Substance Penalty Group 1 Greater Than or Equal to One Gram but Less Than Four Grams, a Third-Degree Felony. Bond was set at $10,000. He remains in custody. On December 31, 2021, Defendant was arrested for committing the offense Possession of Marijuana Less Than Two Ounces, a Class B Misdemeanor. Bond was set at $2,500. He remains in custody; (2) (3) Defendant used methamphetamine, as evidenced by a urine specimen he submitted on September 23, 2021, which tested positive for methamphetamine. The specimen was not confirmed positive by the national testing laboratory. Defendant used marijuana and phencyclidine, as evidenced by a urine specimen he submitted on November 3, 2021, which tested positive for marijuana and phencyclidine. The specimen was confirmed positive by the national testing laboratory. The laboratory also determined the specimen was diluted; (4) Defendant failed to submit a monthly written report as

instructed in October 2021; November 2021; and December 2021; and (5) Defendant failed to attend mental health treatment at Texoma Counseling Associates on August 5, 2021 [Dkt. 49 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 3, 4, and 5 of the Petition. The Government dismissed allegations 1 and 2 of the Petition. Having considered the Petition and the plea of true to allegations 3, 4 and 5, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 62, 63].

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of thirteen (13) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 11th day of July, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE